PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH BROWN, | ) | CASE NO. 1:11CV01882 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

On September 7, 2011, *Pro se* Plaintiff Joseph Brown, an inmate at the Cuyahoga County Jail, filed this 42 U.S.C. § 1983 against the State of Ohio. ECF No. 1. In his Complaint, Plaintiff alleges that, on April 29, 2003, he did not waive his right to a preliminary hearing. ECF No. 1. Plaintiff further alleged that on June 23, 2011, he was

> denied his preliminary hearing and indicted without being allowed to appear and defend in person and with counsel; to review the evidence against him, to demand the nature and cause of the accusation(s) against him[,] to meet witness[es] face to face, and to have compulsory process to procure attendance of witness[es] on his behalf in violation of due process of the 14th Amendment of the Constitution of the United States.

ECF No. 1.

For the reasons stated below, this cause of action is dismissed pursuant to 28 U.S.C. § 1915A.

**I. Law and Analysis**

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if

(1:11CV01882)

the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, Case No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to "conjure up questions never squarely presented to them" or "construct full blown claims from sentence fragments." *Beaudette*, 775 F.2d at 1278. To do so would "require[] [the] courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. The purpose of a preliminary hearing is to determine whether sufficient facts exist to allow the court to bind the accused over to the grand jury. *State v. Minamyer*, 12 Ohio St. 2d 67, 69 (Ohio 1967). There is no constitutional right to a preliminary hearing, however, when an indictment is returned. *Zaffino v. Konteh*, Case No. 5:05CV1485, 2006 WL 2360902, at * 4 (N.D. Ohio Aug. 15, 2006); *State ex rel. Pena v. Konteh*, Case No. L-07-1248, 2007 WL 2216967, at *1 (Ohio App. 6th Dist., Aug. 1, 2007). Further, to the extent Plaintiff seeks to challenge "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500

2

(1:11CV01882)

(1973).

## II. Conclusion

Accordingly, *Pro se* Plaintiff Joseph Brown's cause of action is dismissed under 28 U.S.C. § 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
| December 6, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |